## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,                    ) | |
|         ) | |
|       Plaintiff,    ) | |
|         ) | |
| vs.         ) | Case No.: |
|         ) | |
| BROWN UNIVERSITY IN PROVIDENCE  ) | |
| IN THE STATE OF RHODE ISLAND AND  ) | |
| PROVIDENCE PLANTATIONS,    ) | |
|         ) | |
|      Defendant.   ) | |

## MEMORANDUM IN SUPPORT OF MOTION
## TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe ("Plaintiff"), by his attorneys, seeks authorization to file the Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the sensitive and highly personal nature of the factual averments contained in the Complaint, Plaintiff is justifiably concerned that disclosure of his identity will unduly embarrass him and hamper his future educational and career aspirations. Thus, Plaintiff would be forced to endure further damages beyond those already inflicted by Brown and his accusers. Plaintiff is prepared to provide a statement of his true identity under seal.

## STATEMENT OF FACTS

During the events described in the Complaint, the Plaintiff was a student at Brown University and resided on campus. The Complaint seeks redress for Brown's breaches of contract in connection with the adjudication of disciplinary complaints related to the Plaintiff's interaction with three women. The Complaint, by necessity, references graphic text messages between the Plaintiff and one of his accusers. It also recounts in detail the nature of their sexual encounter.

## ARGUMENT

While parties to a lawsuit are usually required to proceed under their real names, *see, e.g., Fed. R. Civ. P. 10(a)*, federal courts have permitted parties to proceed anonymously when special circumstances arise.  *See generally, John Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72 (D.R.I. 1992).  In that case, Judge Pettine permitted a transsexual plaintiff to use a fictitious name.  In so doing, he stated that "[p]eople may have a right not to disclose their sexual histories and preferences, and a strong interest in nondisclosure." *Id.* at 73 n.1.

Generally, courts allow the use of pseudonyms "[w]here it is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment …."  *United States v. Doe*, 655 F.2d 920, 922 (9th Cir. 1977), citing *United States. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977).  "'Where the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'"  *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 99 F.2d 707, 712-713 (5th Cir. 1979), quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974).

Generally, courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1068 (9th Cir. 2000).  This balancing test generally allows plaintiffs to use pseudonyms in three situations, one of which is: "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature:" *Id.*

In light of nature of the disclosures in the Complaint, Plaintiff should be permitted to protect his identity, and the identities of his accusers, by using pseudonyms.  Plaintiff is prepared to address

measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

Dated: January 20, 2016                        The Plaintiff, John Doe,
                                                By his Attorneys,

                                                /s/ J. Richard Ratcliffe
                                                J. Richard Ratcliffe, #2603
                                                Jeffrey Biolchini, #7320
                                                Ratcliffe Harten Burke & Galamaga, LLP
                                                40 Westminster Street, Suite 700
                                                Providence, R.I. 02903
                                                Tel: (401) 331-3400
                                                Fax: (401) 331-3440
                                                rratcliffe@rhbglaw.com
                                                jbiolchini@rhbglaw.com

## CERTIFICATE OF SERVICE

I, J. Richard Ratcliffe, certify that on January 20, 2016, this document was electronically filed.  The following attorneys are registered with and may access these filings through the CM/ECF system:

James M. Green
*jmgreen@brown.edu*

Thomas R. Bender
*Thomas_Bender@brown.edu*              */s/ J. Richard Ratcliffe*